IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIM MARIE JOHNSON f/k/a KIM MARIE BROWN, <br><br> Plaintiff, <br><br> v. <br><br> FIRST ADVANTAGE BACKGROUND SERVICES, CORP. and TVS TENANT VERIFICATION SERVICE, INC., <br><br> Defendants. | CIVIL ACTION FILE NO. _____ |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Kim Marie Johnson respectfully shows the Court the following:

### Parties, Jurisdiction and Venue

1. Ms. Johnson is an individual and a resident of the State of Georgia who resides in this District and this Division. Ms. Johnson is a "consumer" under Section 603(d) of the Fair Credit Reporting Act (the "FCRA").

2. Defendant First Advantage Background Services Corp. ("First Advantage") is a corporation organized and existing under the laws of the

1

State of Florida and having its principal place of business in the State of Florida. First Advantage was formerly known as First Advantage LNS Screening Solutions, Inc., which was formerly known as LEXISNEXIS Screening Solutions, Inc. First Advantage is a "consumer reporting agency" under Section 603(f) of the FCRA. First Advantage is authorized to transact business in the State of Georgia, is subject to the jurisdiction of this Court, and may be served with process by serving its registered agent, Corporate Service Company, at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

3.  Defendant TVS Tenant Verification Service, Inc. ("TVS") is a corporation organized and existing under the laws of the State of Washington, and having its principal place of business at 1685 H Street, PMB #524, Blaine, Washington 98230. TVS is also a "consumer reporting agency" under Section 603(f) of the FCRA. TVS regularly transacts business in the State of Georgia, is subject to the jurisdiction of this Court, and may be served with process by serving its registered agent, CT Corporation System, at 711 Capitol Way S, Suite 204, Olympia, Washington 98501.

4.  The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action

arise under the laws of the United States, specifically the FCRA, 15 U.S.C. § 1681 *et seq.*

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

Factual Background

6. In January 2013, Ms. Johnson applied to lease an apartment in Mooresville, North Carolina from Princeton Company, a property management firm. At that time, Ms. Johnson's name was Kim Marie Brown.

7. Princeton Company denied Ms. Johnson's lease application, without explaining the basis for its decision.

8. In 2017, Ms. Johnson was denied a position working as a volunteer at her Church. Ms. Johnson did not understand why she was denied the position and became suspicious that the background check that her Church had run on her contained inaccurate and derogatory information. Accordingly, Ms. Johnson began obtaining file disclosures from various consumer reporting agencies.

9. On or about June 13, 2017, Ms. Johnson obtained a file disclosure from Defendant First Advantage. The disclosure contained inaccurate information about Ms. Johnson. Specifically, it stated that Ms. Johnson was convicted of (i) marijuana possession in North Carolina on May 21, 1985 and

(ii) DUI in Texas on February 4, 2008. That information was completely false and inaccurate. Ms. Johnson has never been charged with or convicted of either of these crimes, and has never even been to the State of Texas.

10. As a result of obtaining her file disclosure from Defendant First Advantage, Ms. Johnson also discovered, for the first time, the reason why Princeton Company denied her lease application as alleged in Paragraphs 6-7 above.

11. On or about January 14, 2013, Defendant First Advantage prepared a consumer report regarding Ms. Johnson that contained the inaccurate information described in Paragraph 9 above (the "First Advantage Report").

12. Defendant First Advantage sold the First Advantage Report to Defendant TVS, which is a reseller of consumer reports and a consumer reporting agency itself. Defendant First Advantage had actual knowledge that Defendant TVS intended to resell the First Advantage Report to Princeton Company.

13. Shortly thereafter, Defendant TVS created a consumer report regarding Ms. Johnson using the inaccurate information contained in the First Advantage Report. As a result, the TVS consumer report regarding Ms.

Johnson (the "TVS Report") was also inaccurate. Defendant TVS sold the TVS Report to Princeton Company.

14. As a proximate result of the inaccurate information contained in the First Advantage Report and the TVS Report, Ms. Johnson has suffered actual damages, including without limitation the denial of housing and credit by Princeton Company and emotional distress, anxiety, embarrassment and humiliation.

### Count 1 – First Advantage violated 15 U.S.C. § 1681e(b)

15. First Advantage negligently or willfully failed to follow reasonable procedures designed to insure maximum possible accuracy of the information concerning Ms. Johnson's history when it prepared and sold the First Advantage Report regarding Ms. Johnson.

16. As a proximate result, Ms. Johnson has suffered actual damages as described in Paragraph 14 above in an amount to be proven at trial.

17. Ms. Johnson is also entitled to recover her attorneys fees and punitive damages as allowed by law.

### Count 2 – TVS violated 15 U.S.C. § 1681e(b)

18. TVS negligently or willfully failed to follow reasonable procedures designed to insure maximum possible accuracy of the

information concerning Ms. Johnson's history when it sold the First Advantage Report regarding Ms. Johnson.

19. As a proximate result, Ms. Johnson has suffered actual damages as described in Paragraph 14 above in an amount to be proven at trial.

20. Ms. Johnson is also entitled to recover her attorneys fees and punitive damages as allowed by law.

WHEREFORE, Ms. Johnson respectfully prays that the Court:

1. Issue process to the Defendants;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Johnson as consistent with the jury's verdict; and

4. Grant Ms. Johnson such other and further relief as it deems just and necessary.

This 10th day of October, 2017.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC**<br>Suite 200, 1350 Center Drive<br>Dunwoody, Georgia 30338 | */s Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102<br><br>Charles J. Cole<br>Georgia Bar No. 176704<br>cjc@mcraebertschi.com<br>678.999.1105<br><br>*Counsel for Plaintiff* |